*290 Opinion of the Court — A motion was made, and given in the general court, m behalf of the commonwealth,, against ÁFClelland and securities ; the judgment waíb on a subsequent day of the term, set aside, upon suggestion that the notice to the first day ofthe term, did not warrant the judgment on the secor,d day» although the general court was not constituted by a quorum to proceed to business, on the first day. To this opinion, the attorney-general excepted, and took an appeal ; upon which, the opinion and order of the general court, in setting aside the judgment of the second day of the term, was reversed, and t^lc first judgment ordered to stand in full force and virtue ; which was ordered to be certified to the general court. But the clerk of this court, in titling the certi *291 ficate -sent to the general court, or in titling the suit in the record, (which, is quite immaterial) stated M’Clel-land only, and not his securities. This certificate was received and recorded by the general court, as a part of the record in the motion ; and thereupon, the judgment first entered, (which was against M’Clelland and seen-rities) stood affirmed. An execution issued ; upon which, this writ of error and supersedeas was sued out.
damaged wihbe given again» thofe. de*en_ men*'only who protecuce a writ of ei'wt.
Allen, for the plaintiff; Blair, attorney-general, for the defendant.
The mere clerical mistake in titling the certificate, makes the ground of complaint in the present case, Whether we consider the whole record as removed by the appeal taken by the attorney-general, or only a transcript thereof removed into this court, and then sent down¿ qr re-certified to the general court, the mistake in titling, can have no weight. It was the judgment ot record which was affirmed, and not the clerk’s certificate from this court ; that was only evidence of the affirmance, and was not to be taken per se, but in conjunction with the record, or transcript thereof, to which it belongs. And this court have no hesitation in saying, that the titling in the record here, must be connected and taken in con-jection with the original file of the record lodged.
Wherefore, it is cqnsidered by the court, that the judgment aforesaid he affirmed ¡ that the defendant may proceed to have the benefit thereof, in the court below, and recover of the plaintiff, Daniel M’Clelland, who alone prosecuted this writ of error, ten per centum damages on the amount thereof, together with his costs in this behalf expended: which is ordered to be certified to the said general court.